JUDGE COTE

11 CIV 5708




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

OLGA QUINTANA,

Plaintiff,

v.

UNITED BUILDING MAINTENANCE, INC.,

Defendant.

-------------------------------------------------------------x

Complaint and Demand for Jury Trial

Plaintiff, OLGA QUINTANA, by and though her undersigned attorneys, files this Complaint against DEFENDANT upon information and belief:

## INTRODUCTION

1. PLAINTIFF alleges, on behalf of herself, that she is entitled to: (i) overtime wages from DEFENDANT for overtime work for which she did not receive overtime premium pay, as required by the Fair Labor Standards Act §§ 29 U.S.C. 201 et seq. ("FLSA") and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations"); and (ii) attorneys fees and costs and liquidated damages pursuant to the FLSA and its Federal Wage Regulations.

2. PLAINTIFF alleges, on behalf of herself, that she is also entitled to: (i) overtime wages from DEFENDANT for overtime work for which she did not receive overtime premium pay, as required by New York State's Minimum Wage Act, New York State Labor Law §§ 190 et seq. ("NYLL") and §§ 650 et seq. ("NYLL") and New York State Department of Labor's Building Service Industry Minimum State Wage Order, Part 141 et seq. ("State Wage Order"); (ii) damages for DEFENDANTS' failure to provide

PLAINTIFF with a uniform(s) and uniform maintenance pay; and (ii) attorneys fees and costs, liquidated and punitive damages pursuant to the NYLL and its State Wage Order.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over PLAINTIFF'S state claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the DEFENDANT'S principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. PLAINTIFF, OLGA QUINTANA (hereinafter "PLAINTIFF"), at all relevant times, resided in Richmond County, New York.

7. Defendant United Building Maintenance, Inc., (hereinafter "DEFENDANT"), is a domestic business entity duly existing under the laws of the State of New York.

8. DEFENDANT, at all relevant times maintained its principal place of business at 121 East 24th Street, 9th Floor, New York, New York 10010.

## STATEMENT OF FACT

9. DEFENDANT hired PLAINTIFF on or around June 17, 2001, to work as a full-time commercial cleaner.

10. PLAINTIFF stopped working for DEFENDANT on or around December 23, 2010.

11. At all relevant times, DEFENDANT has been and continues to be an employer engaged in interstate commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. At all relevant times, DEFENDANT had gross annual revenues in excess of $500,000.

13. During PLAINTIFF'S employment with DEFENDANT, she was a non-residential employee.

14. During all relevant times, PLAINTIFF was responsible for cleaning JP Morgan Chase branch offices ("job sites").

15. During all relevant times, PLAINTIFF'S duties included, but were not limited to, cleaning, sanitizing, vacuuming and emptying the trash in offices, lobbies, lavatories and conference rooms inside the job sites.

16. During all relevant times, PLAINTIFF was required to clean multiple job sites each workday. Accordingly, PLAINTIFF was required to travel from one job site to the next job site during the course of each workday.

17. At all relevant times, DEFENDANT knew that PLAINTIFF was entitled to wages for the hours which PLAINTIFF spent travelling from one job site to the next job site.

18. During PLAINTIFF'S employment with DEFENDANT, DEFENDANT willfully refused to pay PLAINTIFF for the time she spent travelling from one job site to the next job site during the course of each workday in violation of the FLSA and the Federal Wage Regulations.

19. During all relevant times, DEFENDANT required PLAINTIFF to arrive at the first job site of each workday at the job site's scheduled closing time at approximately 6:00 p.m.

20. PLAINTIFF was then required to wait until all of the employees inside the job site left for the night before she could enter and begin cleaning at approximately 7:00 p.m.

21. At all relevant times, DEFENDANT knew that PLAINTIFF was entitled to wages for the hours which PLAINTIFF spent waiting outside of the jobsite.

22. During PLAINTIFF'S employment with DEFENDANT, DEFENDANT willfully refused to pay PLAINTIFF for the time she spent waiting outside of the job site, in violation of the FLSA and the Federal Wage Regulations.

23. From on or around February 2008 through December 2010, PLAINTIFF regularly worked ten (10) to twelve (12) hours without break, starting anywhere from 6:00 p.m. to 7:00 p.m., Mondays through Fridays.

24. From on or around February 2008 through December 2010, PLAINTIFF worked approximately seven (7) to eight (8) hours on Saturdays, but she was only paid for four (4) hours.

25. From on or around February 2008 through December 2010, PLAINTIFF regularly worked in excess of forty (40) hours per workweek.

26. At all relevant times, DEFENDANT knew that PLAINTIFF was entitled to overtime wages for the hours which PLAINTIFF worked in excess of 40 each workweek.

27. During PLAINTIFF'S employment with DEFENDANT, DEFENDANT willfully refused to pay PLAINTIFF the statutory overtime amount of one-and-one-half times

PLAINTIFF'S regular hourly wage as required by the FLSA, the Federal Wage Regulations, NYLL and the State Wage Order.

28. During PLAINTIFF'S employment with DEFENDANT, PLAINTIFF was required to wear a uniform.

29. During PLAINTIFF'S employment with DEFENDANT, DEFENDANT did not provide PLAINTIFF with a uniform.

30. Accordingly, PLAINTIFF paid for the purchase of the uniform with her own monies.

31. DEFENDANT willfully refused to reimburse PLAINTIFF for the purchase of the required uniform as required by the Wage Order.

32. During PLAINTIFF'S employment with DEFENDANT, DEFENDANT also willfully refused to pay PLAINTIFF uniform maintenance pay as required by the Wage Order.

33. During PLAINTIFF'S employment with DEFENDANT, PLAINTIFF was required to maintain her uniform by washing, ironing, altering and repairing it.

34. During PLAINTIFF'S employment with DEFENDANT, PLAINTIFF paid for the uniform maintenance with her own monies

35. At all relevant times, PLAINTIFF was an employee within the meaning of the FLSA § 203(e).

36. At all relevant times, PLAINTIFF was an employee within the meaning of the NYLL §§ 2(5), 190(2), and 651(5).

37. At all relevant times, PLAINTIFF was an employee within the meaning of the State Wage Order § 141-3.2.

38. At all relevant times, DEFENDANT was an employer within the meaning of NYLL §§ 2(6), 190(3), and 651(6).

39. At all relevant times, DEFENDANT was engaged in the building service industry within the meaning of the State Wage Order § 141-3.1.

40. During all relevant times, DEFENDANT failed to post or keep posted notices explaining overtime pay rights as required by the FLSA and the Federal Wage Regulations.

41. During all relevant times, DEFENDANT also failed to post in a conspicuous place, notices describing wage and hour laws and illegal deductions as required by NYLL and the State Wage Order.

42. At all relevant times, DEFENDANT willfully refused to record, report, credit, and pay PLAINTIFF for all of the hours that Plaintiff worked, in violation of the FLSA and the Federal Wage Regulations.

43. At all relevant times, DEFENDANT willfully refused to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA and the Federal Wage Regulations

**FIRST CLAIM OF RELIEF**
**FAIR LABOR STANDARDS ACT**

44. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

45. At all relevant times, DEFENDANT had a policy and practice of refusing to pay overtime compensation to its employees who worked in excess of 40 hours per workweek.

46. As a result of the DEFENDANT'S willful failure to compensate its employees, including PLAINTIFF, for overtime pay at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, DEFENDANT violated the FLSA, 29 U.S.C. §§ 201 et seq. and the Federal Wage Regulations.

47. As a result of DEFENDANT'S failure to record, report, credit, and/or compensate its employees, including PLAINTIFF, DEFENDANT failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq. and the Federal Wage Regulations.

48. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. Due to DEFENDANT'S FLSA violations, PLAINTIFF is entitled to recover from DEFENDANT unpaid overtime wage compensation and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**

50. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

51. DEFENDANT willfully violated PLAINTIFF'S rights by failing to pay minimum overtime compensation at rates not less than one and one-half times the regular rate of

pay for each hour worked in excess of forty hours in a workweek in violation of the NYLL and the State Wage Order.

52. DEFENDANT'S NYLL violations have caused PLAINTIFF irreparable harm for which there is no adequate remedy at law.

53. Due to DEFENDANT'S NYLL violations, PLAINTIFF is entitled to recover from DEFENDANT her unpaid overtime compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements in connection with this action, pursuant to NYLL § 663(1).

**THIRD CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**

54. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55. DEFENDANT required that PLAINTIFF wear a uniform when she worked.

56. DEFENDANT willfully violated PLAINTIFF'S rights by refusing to supply the uniforms, requiring that PLAINTIFF purchase her own uniforms, and refusing to reimburse PLAINTIFF for the cost of the uniforms as required by the Wage Order.

57. DEFENDANT failed to maintain PLAINTIFF'S uniform by washing, ironing, dry cleaning, altering and/or repairing it.

58. DEFENDANT willfully violated PLAINTIFF'S rights by failing to pay PLAINTIFF uniform maintenance pay pursuant to the Wage Order.

59. DEFENDANT'S NYLL violations have caused PLAINTIFF irreparable harm for which there is no adequate remedy at law.

60. Due to DEFENDANT'S NYLL violations, PLAINTIFF is entitled to recover from DEFENDANT damages related to their failure to provide uniforms and uniform

maintenance pay, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements in connection with this action, pursuant to NYLL § 663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b) An injunction against DEFENDANT and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of overtime compensation due under the FLSA and the NYLL;

d) An award of liquidated damages as a result of DEFENDANT'S willful failure to pay overtime compensation pursuant to FLSA § 216 and NYLL § 663(1);

e) An award of prejudgment and post judgment interest;

f) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

g) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PLAINTIFF demands a trial by jury on all questions of fact raised by the Complaint.

Date: August 16, 2011
New York, NY

The Law Offices of
Fausto E. Zapata, Jr., P.C.

By: ______________________
Fausto E. Zapata, Jr. (FZ4957)
Attorneys for Plaintiff
277 Broadway, Suite 501
New York, NY 10007
Tel. (212) 766-9870